**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                   No. 95-5756

ROBERT LEVIT HILL, a/k/a Levit,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Shelby.
Lacy H. Thornburg, District Judge.
(CR-94-44)

Submitted: October 17, 1996

Decided: October 25, 1996

Before MURNAGHAN and WILLIAMS, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Clarke K. Wittstruck, Asheville, North Carolina, for Appellant. Mark
T. Calloway, United States Attorney, Robert J. Conrad, Jr., Assistant
United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Robert Levit Hill appeals his conviction and 135-month sentence for conspiracy to possess more than 500 grams of cocaine and more than 50 grams of crack cocaine with intent to distribute, 21 U.S.C.A. § 846 (West Supp. 1996). Hill's counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), questioning whether the district court properly applied the sentencing guidelines in Hill's case but stating that, in his view, there are no meritorious grounds for appeal. Hill was notified of his right to file a pro se supplemental brief, but has not done so.

The issues raised in the Anders brief are without merit. Because Hill refused to testify against other defendants who went to trial, the government did not move for a substantial assistance departure, USSG § 5K1.1,* and the district court was thus precluded from considering such a departure. Hill's sentence was not incorrectly decided under the guidelines; therefore, disparity between his sentence and that of any co-defendant does not provide grounds for appeal.

Hill made no objection to the sentencing recommendations in his presentence report. The probation officer suggested that Hill was responsible for 160.68 grams of crack for sentencing purposes, an amount which yielded a base offense level of 34 (150-500 grams of crack) under USSG § 2D1.1. Several controlled buys made from Hill provided evidence that he possessed at least 145.68 grams of crack. In addition, co-defendant Charles Mayse reported selling 15 grams of crack to Hill. The probation officer added the 15 grams to the 145.68 grams for a total of 160.68 grams of crack.

Although it is not clear from the information in the record whether the 15 grams of crack Hill bought from Mayse were separate from the amounts he sold to the informants, and thus properly included as relevant conduct, there was evidence that Hill sold at least that much in addition to his sales to informants. In his interview with the probation

_____

*United States Sentencing Commission, Guidelines Manual (Nov. 1994).

2

officer, Hill reportedly described making "numerous transactions" and also described distributions made by other conspirators. An estimate of the quantity of drugs involved in an offense may be made when the amount seized does not reflect the scale of the offense. USSG § 2D1.1, comment. (n.12). Moreover, a conspirator is responsible for the acts of others in furtherance of the conspiracy which are known or reasonably foreseeable to him. USSG § 1B1.3(a)(1). Consequently, we find that the district court did not plainly err in holding Hill responsible for at least 150 grams of crack.

In accordance with Anders, we have examined the entire record in Hill's case and find no meritorious issues for appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the record and briefs, and oral argument would not aid the decisional process.

AFFIRMED

3